*873 OPINION.
Van Fossan :
At the hearing petitioner related in great detail the story of the accumulation of his fortune and established the amount of his earnings in each business location. He established further that his net worth in 1918 was understated by at least $367,500, which he had invested in whiskey certificates. This medium of investment was adopted shortly after he came to the United States in 1902 and was constantly followed until 1919. These certificates were solely a medium of a personal investment and were no more a part of the invested capital of his liquor business than had he invested in bank stocks or railway bonds. Being no part of his liquor business, petitioner was under no obligation to make disclosure of these personal holdings except in so far as necessary to account for profit made on sale thereof. This petitioner did by charging the certificates as sold on the books of the liquor business and crediting “ Merchandise Sold ” with the sales price. All profits so made on sale of whiskey certificates were thus accounted for and returned for taxation. There is no claim that petitioner failed to return the profit on sales of certificates. The deficiencies are based on the theory that petitioner apparently had accumulated unaccounted for wealth and presumptively had not paid taxes thereon. This charge is fully disproved by the evidence in the case. Petitioner has demonstrated conclusively, and in this he is corroborated by many witnesses and circumstances, that he had accumulated the larger part of his wealth through the years from 1902 to 1918 and at December 31, 1918, was possessed of at least $367,500 which did not appear in the statement of'resources of the liquor business. When he disposed of these large holdings of whiskey certificates he converted the proceeds into other investments and accounted for the profit realized. Except for the profit his net worth was not thereby increased.
The misconception of the respondent arose from the fact that the net worth statement of 1918 related to the liquor business and did not reflect the large personal investment in whiskey certificates, while the personal statement of 1922, after disposition of the certificates and conversion into other property, did reflect this accumulation.
The evidence clearly establishes that the returns filed by petitioner were substantially accurate. It also proves that if the net worth basis were to be applied there should be added to the December 31, 1918, statement the sum of $367,500 represented by petitioner’s personal investment in whiskey certificates. It further shows that respondent should have included in petitioner’s “Bills payable” in *874 the 1922 statement the sum of $20,000 owed by him to the First National Bank of Erie as the result of a personal loan.
The above facts being in evidence, it follows that section 3176, Rev. Stats., as amended by section 1003 of the Revenue Act of 1924, was not applicable. This section is applicable only if and when a person, corporation or association fails to make and file a return or list or makes “wilfully or otherwise a false or fraudulent return or list * * The evidence clearly negatives any charge of fraud. Petitioner accounted for the profit made in day to day sales of whiskey certificates and returned the same for taxation. There is no word or circumstance of any consequence leading to a contrary conclusion. Petitioner, by the testimony of the person who destroyed certain old records, proved his innocence of any knowledge of the destruction or of any intention to prevent a full investigation of his business dealings. So far as proof of fraud is concerned petitioner’s record is clear.
The testimony of the Revenue Agent is that with certain relatively minor adjustments, of which petitioner does not complain, the tax returns for the years in question were accurate and correctly reflected income. With this we agree. The taxes should be computed on the basis of the returns as adjusted.

Judgment will T)e entered wider Rule 50.